[Cite as *State v. Lewis*, 2012-Ohio-4806.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  | : | JUDGES: |
| STATE OF OHIO | : | William B. Hoffman, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 12-COA-006 |
|  | : |  |
|  | : |  |
| ANNE M. LEWIS | : | O P I N I O N |
| Defendant-Appellant |  |  |


CHARACTER OF PROCEEDING:        Criminal Appeal from Ashland County Court of Common Pleas Case No. 08-CRI-084

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        October 15, 2012

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

RAMONA FRANCESCONI ROGERS        DAVID R. STIMPERT
Ashland County Prosecutor        10 East Main Street
       Ashland, Ohio 44805

BY: DANIEL J. PETRICINI
Assistant Ashland County Prosecutor
110 Cottage Street, Third Floor
Ashland, Ohio 44805

*Edwards, J.*

{¶1} Defendant-appellant, Anne Lewis, appeals her sentence from the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On July 1, 2008, the Ashland County Grand Jury indicted appellant on one count of operating a vehicle under the influence of alcohol and/or drugs in violation of R.C. 4511.19(A)(1)(a), a felony of the third degree, and one count of operating a vehicle under the influence of alcohol and/or drugs in violation of R.C. 4511.19(A)(1)(d), a felony of the third degree. The indictment indicated that appellant had a prior conviction out of Cuyahoga County for operating a motor vehicle while under the influence of drugs or alcohol. At her arraignment on September 19, 2008, appellant entered a plea of not guilty to the charges.

{¶3} Subsequently, on December 15, 2008, appellant withdrew her former not guilty plea and pleaded guilty to the lesser included offense of attempted operating a vehicle while under the influence of alcohol and/or drugs in violation of R.C. 2923.02(A) and 4511.19(A)(1)(a), a felony of the fourth degree. The remaining charge was dismissed. Pursuant to a Judgment Entry filed on February 5, 2009, appellant was sentenced to 180 days in jail and placed on community control for a period of two years under specified terms and conditions.

{¶4} On July 29, 2010, a complaint was filed against appellant alleging that she had violated the terms and conditions of her community control by: (1) being discharged from the Women's Center of Greater Cleveland for failing to report to group and testing positive for alcohol on two occasions; (2) using alcohol on two occasions;

and (3) failing to complete 80 hours of community service work. On November 30, 2011, a second document was filed alleging that appellant had violated the terms and conditions of her community control by being convicted, on or about November 16, 2011, of attempted driving under the influence of drugs and/or alcohol in Cuyahoga County Court of Common Pleas. Thereafter, on December 5, 2011, appellant entered pleas of admission to all of the community control violations and was found to have violated her community control orders.

{¶5}   A sanctioning hearing was held on December 29, 2011. As memorialized in a Judgment Entry filed on January 4, 2012, the trial court found that appellant was not amenable to further community control and imposed the sixteen (16) month prison sentence previously set by the court. The trial court ordered that appellant would receive credit for time served.

{¶6}   Appellant now raises the following assignments of error on appeal:

{¶7}   "I. THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF THE TRIAL COURT'S DISCRETION.

{¶8}   "II. THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, CREATED AN UNNECESSARY BURDEN ON STATE AND/OR LOCAL GOVERNMENT RESOURCES IN VIOLATION OF THE OHIO REVISED CODE SECTION 2929.13(A)."

I

{¶9}   Appellant, in her first assignment of error, argues that the sentence imposed by the trial court was contrary to law and an abuse of discretion.  We disagree.

**{¶10}** The Supreme Court of Ohio in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124 set forth a two step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." *Id.*

**{¶11}** The relevant sentencing law is now controlled by the Ohio Supreme Court's decision in *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470, i.e. "* * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at ¶ 100.

**{¶12}** The record herein reflects that appellant was sentenced to a prison term of sixteen (16) months for a charge of attempted driving under the influence of alcohol, a felony of the fourth degree. The sentence was within the statutory guidelines and parameters. The record further reflects, and appellant does not challenge, that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code, and advised appellant regarding post release control.

**{¶13}** Having found that appellant's sentence was not contrary to law, we must next determine whether or not the trial court abused its discretion in sentencing appellant. An abuse of discretion means more than an error of judgment; it implies that

the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶14}** Appellant specifically contends that her sentence was an abuse of discretion because she expressed remorse for her community control violations, she accepted responsibility for having committed the same, and she expressed a strong desire to overcome her addiction to alcohol.

**{¶15}** However, as is stated above, while on community control for attempted driving under the influence of alcohol in the case sub judice, appellant violated the terms and conditions of her community control by failing to report to a treatment center, testing positive for alcohol on two occasions and failing to complete community service. More importantly, while on community control, appellant was convicted of attempted driving under the influence of alcohol in Cuyahoga County. As noted by appellee, the Cuyahoga County case represents appellant's second DUI related charge in less than two years. In addition, appellant's pre-sentence investigation report reveals that, in 2000, she was convicted in Cuyahoga County of driving under the influence, a felony of the fourth degree.

**{¶16}** We find, based on the foregoing, that the trial court did not abuse its discretion in finding that appellant had failed to take advantage of the opportunities provided to her while under community control and imposing the previously suspended sixteen (16) month prison sentence. The trial court's decision was not arbitrary, unconscionable or unreasonable.

**{¶17}** Appellant's first assignment of error is, therefore, overruled.

II

{¶18} Appellant, in her second assignment of error, argues that her sentence imposed an unnecessary burden on state and/or local government resources pursuant to R.C. 2929.11.

{¶19} R.C. 2929.11 provides as follows:

{¶20} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶21} As we noted in *State v. Ferenbaugh,* 5th Dist. No. 03COA038, 2004–Ohio–977 at paragraph 7, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an 'unnecessary burden' is." Moreover, in *State v. Shull,* 5th Dist. No.2008–COA–036, 2009–Ohio–3105, this Court reviewed a similar claim. We found that, although burdens on State resources may be a relevant sentencing criteria, state law does not require trial courts to elevate resource conservation above seriousness and recidivism factors, *Shull,* at paragraph 22, citing *State v. Ober,* 2nd Dist. No. 97CA0019, 1997 WL 624811 (October 10, 1997).

{¶22} Appellant has not demonstrated that a term of incarceration in the instant case is an unnecessary burden on state and/or local resources. As is stated above, appellant admitted to four different community control violations. Specifically, appellant admitted to being discharged from the Women's Center of Greater Cleveland for failing to report to group, using alcohol on two occasions, and failing to complete 80 hours of community service work. In addition, appellant violated the terms and conditions of her community control by being convicted, on or about November 16, 2011, of attempted driving under the influence of drugs and/or alcohol in Cuyahoga County Court of Common Pleas. Moreover, as is stated above, appellant also was convicted in 2000 of driving under the influence.

{¶23} Based on the foregoing, we cannot say that appellant's sentence imposed an unnecessary burden on state and/or local government resources. Appellant's second assignment of error is, therefore, overruled.

**{¶24}** Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/d0723

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ANNE M. LEWIS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-COA-006 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES